# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 9, 2013 Session

## IN RE: T.W.

### Appeal from the Circuit Court for Knox County, Fourth Circuit
### No. 121301      Bill Swann, Judge

### No. E2013-00717-COA-R3-JV - Filed December 26, 2013

This case arises from juvenile proceedings concerning the then minor child T.W.  The Juvenile Court for Knox County ("the Juvenile Court") found T.W. to be an unruly child. T.W. some time later filed a Petition to Vacate Orders and to Dismiss regarding the order finding T.W. to be an unruly child, citing constitutional, procedural, and jurisdictional defects.  The Juvenile Court denied the petition to vacate.  T.W. appealed to the Circuit Court for Knox County, Fourth Circuit ("the Circuit Court").  The State of Tennessee ("the State") moved to dismiss the appeal, arguing the appeal was untimely.  The Circuit Court granted the State's motion to dismiss.  We reversed the Circuit Court on appeal, and remanded for the Circuit Court to hear the appeal of the denial of the petition to vacate.  T.W. filed an amended petition to vacate and later a motion for summary judgment.  The State filed a cross-motion for summary judgment, arguing, among other things, that T.W.'s claims could not be redressed by a Tenn. R. Juv. P. 34 petition to vacate.  The Circuit Court granted the State's motion for summary judgment.  T.W. appeals.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

Dean Hill Rivkin, attorney and professor; Brenda McGee, attorney; and, Anna Swift, practicum student attorney, UT College of Law Education Law Practicum, for the appellant, T.W.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and, Jordan Scott, Assistant Attorney General, for the appellee, State of Tennessee.

# OPINION

## Background

In November 2008, T.W. was found to be an unruly child by the Juvenile Court and was placed on probation. No appeal was taken of this order. In January 2011, T.W. filed a petition to vacate pursuant to Tenn. Code Ann. § 37-1-139 and Tenn. R. Juv. P. 34 in the Juvenile Court. T.W. argued, *inter alia*, that there were constitutional, procedural, and jurisdictional defects in the original proceedings in which T.W. was found to be an unruly child. On April 25, 2011, the Juvenile Court denied T.W.'s petition to vacate. T.W. appealed the Juvenile Court's denial of the petition to vacate to the Circuit Court. The State moved to dismiss T.W.'s appeal, arguing that the time to appeal a final judgment had expired. The Circuit Court granted the State's motion to dismiss T.W.'s appeal. T.W. appealed to this Court. In *In re: T.W.*, No. E2011-01423-COA-R3-JV, 2012 WL 403878, at *4 (Tenn. Ct. App. Feb. 9, 2012), *no appl. perm. appeal filed*, we stated that, in keeping with Tenn. Code Ann. § 37-1-159, "T.W.'s appeal of the Juvenile Court's order denying T.W.'s Petition to Vacate should have been heard by the Circuit Court." We reversed the Circuit Court and remanded for the cause to be heard on its merits as to T.W.'s petition to vacate. *Id*.

On remand, T.W. filed an amended petition. In July 2012, T.W. filed a motion for summary judgment. The State filed a cross-motion for summary judgment, arguing, among other things, that T.W.'s claims could not be redressed by a Tenn. Code Ann. § 37-1-139 and Tenn. R. Juv. P. 34 petition. In October 2012, the Circuit Court entered an order in favor of the State. In March 2013, the Circuit Court addressed unresolved claims, granting the State's motion for summary judgment. T.W. timely appealed to this Court.

## Discussion

T.W. raises a host of issues on appeal. T.W. asks for reversal of the Circuit Court; declaratory relief to hold that the adjudication of T.W. was defective on constitutional, jurisdictional, and procedural grounds; and, vacating of the order adjudicating T.W. unruly. The threshold issue, however, is whether there are grounds for relief under Tenn. Code Ann. § 37-1-139 or Rule 34 of the Tennessee Rules of Juvenile Procedure. It bears noting that this is not an appeal of the Juvenile Court's order adjudicating T.W. unruly. Rather, this is an appeal of the Circuit Court's granting of summary judgment to the State dismissing T.W.'s Tenn. Code Ann. § 37-1-139 and Tenn. R. Juv. P. 34 petition to vacate.

Tenn. Code Ann. § 37-1-139 provides:

(a) Except as provided in § 36-1-113(q), an order of the court shall be set aside if it appears that:

(1) It was obtained by fraud or mistake sufficient to satisfy the legal requirements in any other civil action;

(2) The court lacked jurisdiction over a necessary party or of the subject matter; or

(3) Newly discovered evidence so requires.

(b) Except for an order terminating parental rights or an order of dismissal, an order of the court may also be changed, modified or vacated upon a finding of changed circumstances and that the change, modification or vacation is in the best interest of the child. An order granting probation to a child found to be delinquent or unruly may be revoked on the ground that the conditions of probation have not been observed.

(c) Pursuant to Tenn. R. Juv. P. 22, in no event shall modification of an agreed order result in a child being placed into the custody of the department of children's services without the appropriate petition having been filed with the clerk of the court alleging the child to be dependent, neglected, abused, unruly, or delinquent. This subsection (c) shall not be construed as eliminating the judicial findings required for children in state custody by §§ 37-1-166 and 37-2-409 or as otherwise required by case law and federal regulations.

(d) Any party to the proceeding, the probation officer or other person having supervision or legal custody of or an interest in the child may petition the court for the relief provided in this section. The petition shall set forth in concise language the grounds upon which the relief is requested.

(e) After the petition is filed, the court shall fix a time for hearing and cause notice to be served as a summons is served under § 37-1-123 on the parties to the proceeding or affected by the relief sought. After the hearing, which may be informal, the court shall deny or grant relief as the evidence warrants.

Tenn. Code Ann. § 37-1-139 (2010).

Rule 34 of the Tennessee Rules of Juvenile Procedure somewhat expands Tenn. Code Ann. § 37-1-139 and states, in part:

Except in cases where the petition has been heard upon the merits and dismissed, the procedures herein shall be followed to obtain appropriate relief under this rule.

(a) Clerical Mistakes.  Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of any party, after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter, while the appeal is pending, may be so corrected with leave of the appellate court.

(b) Extraordinary Relief.  An order of the court shall be vacated if it appears that it was obtained by fraud or mistake sufficient therefor in a civil action, or the court lacked jurisdiction over a necessary party or of the subject matter, or newly discovered evidence so requires.

(c) Modification for Best Interest of Child.  An order of the court may also be modified or vacated on the ground that changed circumstances so require in the best interest of the child, except an order committing a delinquent child to the Department of Children's Services or an institution for delinquent children, an order terminating parental rights or an order of dismissal.  An order granting probation to a child found to be delinquent or unruly may be revoked, according to the provisions of Rule 35, on the ground that the conditions of probation have not been observed.  Placements after a child has been committed to the Department of Children's Services shall be reviewed as provided in Tenn. Code Ann. § 37-1-137, and, in the case of termination of home placement, Rule 35.

(d) Petitions to Modify or Vacate Orders.  Any party to the proceeding, the probation officer, or any other person having supervision or legal custody of or an interest in the child may petition the court for the relief provided in subsections (b) and (c) of this rule.  The petition shall be styled "Petition to Vacate Order" or "Petition to Modify Order," as the case may be, shall set forth in concise language the grounds upon which the relief is requested, and shall include:

(1) The name of the court to which the application is addressed;

(2) The title and action number of the original proceeding;

(3) The name, age, and address, if any, of the child upon whose behalf the application is brought;

(4) The name and residence address, if known, of the parent, guardian or legal custodian or, if not known or if there is no parent, guardian or legal custodian residing within the state, the name and residence address, if known, of any adult relative residing within the county, or if there is none, the name and residence address of the adult relative residing nearest the court;

(5) The date and general nature of the order sought to be modified or vacated;

(6) A concise statement as to the grounds alleged to require the modification or vacation of the order, including any change of circumstance or new evidence;

(7) A concise statement as to relief requested; and

(8) A statement as to the petitioner's relationship or interest in the child, if the petition is brought by a person other than the child. A petition to modify or vacate an order under this section shall be liberally construed in favor of its sufficiency.

Tenn. R. Juv. P. 34.

We review a trial court's denial of a petition brought under Tenn. R. Juv. P. 34 seeking relief from judgment for abuse of discretion. *In re: M. J. H.*, No. W2012-01281-COA-R3-JV, 2013 WL 3227044, at \*10 (Tenn. Ct. App. June 25, 2013), *no appl. perm. appeal filed*. What is on appeal to us is solely the Circuit Court's denial of the Rule 34 petition to vacate. Our Supreme Court has discussed the abuse of discretion standard:

Abuse of discretion is found " 'only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party.' " *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010) (quoting *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008)). The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. See *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *Henry*, 104 S.W.3d at 479. Instead, "[u]nder the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made.' "

*Eldridge*, 42 S.W.3d at 85 (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).

*Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012).  Insofar as we base our decision on different grounds here than did the Circuit Court, our conclusions of law are made *de novo*.  *See S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).  We note that "if the Trial Judge reached the right result for the wrong reason, there is no reversible error."  *Shutt v. Blount*, 249 S.W.2d 904, 907 (Tenn. 1952).[1]

Applying the proper standard, we must determine whether grounds for relief exist under Tenn. R. Juv. P. 34 and Tenn. Code Ann. § 37-1-139.  T.W. alleged numerous flaws in the process, to wit: 1) failure of notice of truancy charges; 2) non-compliance with the Tennessee Rules of Juvenile Procedure; 3) probation orders exceeded the court's authority; 4) violation of right to counsel before entry of valid court order; and, 5) T.W.'s incarceration violated state and federal law and his constitutional rights.  Additionally, T.W. asserts that his youth and inexperience with the legal system prevented early detection of these defects.  According to T.W., given the alleged incapacities and as it was only through eventual appointment of counsel that these myriad problems were brought to light, justice requires our addressing the underlying merits of T.W.'s appeal.

Nevertheless, from our review of the evidence in the record on appeal, we find nothing that provides a basis for relief under Tenn. R. Juv. P. 34 and Tenn. Code Ann. § 37-1-139.  As noted, this was not a direct appeal to the Circuit Court of the Juvenile Court's original appealable orders.  The appeal to the Circuit Court involved only the Juvenile Court's denial of the Rule 34 petition to vacate.  This appeal now before us involves only the Circuit Court's denial of the Rule 34 petition to vacate.  Absent any basis for relief under Tenn. R. Juv. P. 34 and Tenn. Code Ann. § 37-1-139, we will not reach the litany of underlying issues raised by T.W. which could have been the basis for an appeal of the Juvenile Court's original appealable orders.  This result may seem stern, but we are obliged to apply the appropriate standard of review.  The importance of choosing and applying the correct standard of review has been articulated as follows:

> The standards of review are the metaphorical hinges on the door to the realm of appellate review.  Even though they are treated by many lawyers and judges as routine matters, the choice of the correct standard of review can be influential, if not dispositive.  Because of their importance, the choice of the

---

[1] We need not and do not decide whether the Circuit Court erred in its conclusions when it addressed T.W.'s specific underlying issues because, as we will explain, it was unnecessary for the Circuit Court to decide those specific issues.

applicable standard of review should be the starting point for the resolution of the issues on appeal.

*City of Memphis v. Hargett*, No. M2012-02141-SC-R11-CV, - - - S.W.3d - - - -, 2013 WL 5655807, at *19 (Tenn. Oct. 17, 2013) (Koch, J., concurring) (citations, footnotes, and quotations omitted).

We find no basis for relief under any of the stated grounds of clerical mistake, extraordinary relief, or modification for best interest of the child due to changed circumstances contained in Tenn. R. Juv. P. 34 and Tenn. Code Ann. § 37-1-139. T.W.'s Rule 34 petition to vacate, and the amended petitions filed thereafter, simply raise no basis under Rule 34 to vacate the judgment of the Juvenile Court. While the petitions use the phrases "newly discovered evidence" and "best interest of the child," the petitions and the other items supplied in support of the petitions as contained in the record show that such is not the actual claimed grounds for vacating the Juvenile Court's orders. For example, T.W. focuses on "newly discovered evidence" while acknowledging that the only reason this is "newly discovered evidence" is because no one looked for it until T.W. was represented by counsel. In other words, the evidence always was there but no one looked for it until counsel later was obtained. While not involving Tenn. R. Juv. P. 34, the opinion of this Court in *Isbell v. Travis Elec. Co.*, No. M1999-00052-COA-R3-CV, 2000 WL 1817252 (Tenn. Ct. App. Dec. 13, 2000), *no appl. perm. appeal filed*, is instructive on what is or is not newly discovered evidence. In discussing a motion to alter or amend based on newly discovered evidence, this Court stated:

> To be successful in a motion on the basis of newly discovered evidence, the movant must prove that the evidence was discovered after the trial, that it could not have been discovered earlier with due diligence, that it is material and not just cumulative or impeaching, and that it will probably change the outcome if a new trial is granted.

*Isbell*, 2000 WL 1817252, at *12. Here, it is not even alleged that the evidence "could not have been discovered earlier with due diligence. . ." but instead is alleged only that the evidence was not discovered until counsel was obtained. Additionally, T.W. alleged that Rule 34 relief is appropriate because it is in the "best interest of the child" but does so without sufficiently even alleging "that changed circumstances so require in the best interest of the child . . . ." Again, the only alleged changed circumstances are that T.W. later obtained counsel who then investigated this matter. Each of the claimed constitutional, procedural, and jurisdictional defects which T.W. alleged in the Rule 34 petition to vacate as being "evident" in the original proceedings might well have been a legitimate issue on an

appeal of the Juvenile Court's original appealable orders. This appeal now before us does not involve such an appeal. T.W.'s Rule 34 petition is nothing more than an attempt to appeal the Juvenile Court's original appealable orders long after the time for such an appeal had run. That is not the purpose of Rule 34.

T.W.'s reply brief is instructive here. T.W.'s reply brief states that he was "entitled to relief on [T.W.'s] *de novo* appeals, which raise constitutional, procedural, and jurisdictional defects in [his] original proceedings." The reply brief then misconstrues this Court's original opinion remanding this case to the Circuit Court by arguing that this Court ordered a "plenary handling of the issues raised by [T.W.] . . . ." What this Court actually ordered was for the Circuit Court to address and resolve the Rule 34 petition to vacate rather than dismissing it as untimely. If it had been an appeal of the original appealable orders of the Juvenile Court, such an appeal would have been untimely. What made it timely was that it was a Rule 34 petition to vacate and not an appeal of the Juvenile Court's original appealable orders. Having successfully used Rule 34 to avoid the untimeliness of it having been an appeal of the original appealable orders of the Juvenile Court, T.W. now wishes it to be treated not as a Rule 34 petition to vacate but instead as an appeal of the original appealable orders of the Juvenile Court. This was not what this Court ordered in the first appeal. We ordered only that the Circuit Court hear and address the Rule 34 petition to vacate.

Neither Rule 34 nor the statute are intended to allow a juvenile such as T.W. to, in effect, appeal a decision of the Juvenile Court long after the time has run for such an appeal. A juvenile may not simply by invoking Tenn. R. Juv. P. 34 effectively eliminate the requirement that an appeal of an appealable order of a juvenile court be filed within a set period of time. What T.W. now seeks in his current petition is to be allowed a full appeal of the Juvenile Court's original appealable orders long after the appeal time has run based primarily upon the fact that he was a juvenile in the juvenile court system.

As alleged in the Rule 34 petition to vacate and the amended petitions to vacate, there was nothing extraordinary about this juvenile's passage through Juvenile Court. This purported Rule 34 petition to vacate is nothing more than an attempted appeal of the Juvenile Court's original appealable orders long after the time for any such appeal has run, clearly not the purpose of a Rule 34 petition to vacate. We find and hold that T.W.'s Rule 34 petition to vacate the original appealable orders of the Juvenile Court failed to present any ground under Tenn. R. Juv. P. 34 or Tenn. Code Ann. § 37-1-139 sufficient for relief. We affirm, although on different grounds, the grant of summary judgment in favor of the State.

## Conclusion

The judgment of the Circuit Court is affirmed, and this cause is remanded to the Circuit Court for collection of the costs below. In the interests of justice, the costs on appeal are assessed against the Appellee, the State of Tennessee.

_____
D. MICHAEL SWINEY, JUDGE